### DANIEL FREDERICH *v.* RALLI & CO.

The duty of a clerk is to treat his employer with respect, and not to insult or wantonly offend those who come to the establishment to transact business. A course of conduct on the part of the clerk inconsistent with this obligation, is certainly one of the very best reasons that can exist for dissolving the contract.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Durant & Hornor*, for plaintiff. *Benjamin, Bradford & Finney*, for defendants and appellants.

BUCHANAN, J. The plaintiff was bookkeeper in the commercial house of the defendants, at a salary of fifteen hundred dollars a year. The yearly term appears to have finished on the 30th June. On the 9th June, 1852, the defendants by letter informed plaintiff that in addition to this salary they would thenceforth allow him a gratification of five hundred dollars, which would make his salary two thousand dollars year.

We understand this increased salary, as intended by the parties, and as also appears by an extract from the books, and by an account furnished by plaintiff himself, to run from the 1st July, 1852, being the commencement of the new year then next ensuing.

On the 4th August, 1854, defendants discharged plaintiff from their service, informing him at the same time that his salary would be allowed him to the end of the current month. This suit is brought for the whole of the salary of the year commencing 1st July, 1854, and ending 30th June, 1855. The defendants plead that they had serious causes of complaint against the plaintiff, which justified them in discharging him before the term of his engagement expired.

They enumerate four grounds of complaint, of which it is only necessary to notice the first, which is as follows : " Habitual insolence to his employers, and habitually rude and offensive conduct to persons coming into the office, to such a degree as to prevent the friends and customers of the house from coming into their office."

This charge is established to our satisfaction by the testimony of several witnesses. The defendants appear indeed to have exercised an extraordinary degree of forbearance towards the plaintiff, and to have tolerated for a long time conduct most unbecoming the relation which plaintiff occupied towards defendants, an indulgence which can only be attributed to the age of the plaintiff (sixty years) and his business capacities.

The duty of a clerk is undoubtedly to treat his employers with respect, and not to insult or wantonly offend those who come to the establishment to transact business. A course of conduct on the part of the clerk inconsistent with this obligation is certainly one of the very best reasons that can exist for dissolving the contract. See the case of *Kearney* v. *Holmes*, 6 An., 373.

The plaintiffs have tendered in their answer, and deposited in court a sum of money equal to the amount of the plaintiff's wages to the day of his discharge, with the costs to the day of tender. They must, therefore, be absolved from the payment of any ulterior costs.

Judgment of the District Court reversed, and judgment for plaintiff, against defendants, for three hundred and sixty-five dollars and thirty-six cents; the plaintiff and appellee to pay costs in both courts.